**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT KNOXVILLE**

| | |
|---|---|
| DE'OSSIE DINGUS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No.  3:07-CV-452 |
| | )  (Phillips) |
| TENNESSEE DEPARTMENT | ) |
| OF SAFETY, et al. | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Presently pending in this case is the defendant's motion to dismiss under Rules 12(b)(1) and (6), Federal Rules of Civil Procedure [Doc. 25], supported by memorandum [Doc. 26]. Plaintiff has responded in opposition [Doc. 28].

A motion to dismiss under Rule 12 of the Federal Rules of Civil Procedure requires a Court to construe the complaint in the light most favorable to the plaintiff, accept all the complaint's factual allegations as true, and determine whether plaintiff undoubtedly can prove no set of facts in support of claims that would entitle him or her to relief. *Meador v. Cabinet for Human Resources,* 902 F. 2nd 474, 475 (6th Cir. 1990), cert denied, 498 U.S. 867, 111 S. CT. 182, 112 L. Ed. 2nd 145 (1990). A Court may not grant such a motion to dismiss based upon a disbelief of a complaint's factual allegations. *Lawler v. Marshall*, 898 F. 2nd 1196, 1198 (6th Cir. 1990); *Miller v. Currie,* 50 F. 3rd 373, 377 (6th Cir. 1995) (noting

that Courts should not weigh evidence or evaluate the credibility of witnesses).  A Court must liberally construe the complaint in favor of the party opposing the motion.  *Id.* However, the complaint must articulate more than a bare assertion of legal conclusions. *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F. 2nd 434 (6th Cir. 1988). "[The] complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id (*citations omitted).

Both defendants and the plaintiff have requested this Court to consider matters outside of the pleadings in ruling upon defendant's motion to dismiss.  Rule 12(d), Federal Rules of Civil Procedure, stipulates that if, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the Court, the motion must be treated as one for summary judgment under Rule 56.  All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion, the Rule stipulates, and the Court must consider the motion as one for summary judgment. However, Rule 12 of the Federal Rules of Civil Procedure was not intended to be a substitute for summary judgment.

Moreover, as pointed out by the plaintiff in response to defendant's motion, the 6th Circuit Court of Appeals has noted that motions to dismiss complaints under the Civil Rights' Acts are scrutinized with special care.  See, *Lucarell v. McNair*, 453 F.2nd 836 (6th Cir. 1972); *Westlake v. Lucas*, 537 F. 2nd 857 (6th Cir. 1976).

At this juncture in the proceedings, the Court does not believe that the record has been sufficiently developed to support a motion to dismiss, or a motion for summary judgment, and, accordingly, defendant's motion to dismiss [Doc. 25] is **DENIED.**

**ENTER:**

s/ Thomas W. Phillips
United States District Judge