UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| DE'OSSIE DINGUS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:07-CV-452 |
| | ) (Phillips) |
| TENNESSEE DEPARTMENT OF SAFETY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff De'Ossie Dingus has sued his employer, the Tennessee Department of Safety (TDOS) alleging discrimination and unlawful treatment based on his status as a minority African American Muslim and retaliation for having filed a worker's compensation claim. This matter is before the court on plaintiff's motion for partial summary judgment. The defendants have responded in opposition. Because material issues of fact exist as to plaintiff's claims, his motion for partial summary judgment will be denied.

Rule 56(c), Federal Rules of Civil Procedure, provides that summary judgment will be granted by the court only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. The burden is on the moving party to conclusively show that no genuine issue of material fact exists. The court must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); *Morris to Crete Carrier Corp.,* 105 F.3d 279, 280-81 (6th Cir. 1987); *White v.*

*Turfway Park Racing Ass'n, Inc.*, 909 F.2d 941, 943 (6th Cir. 1990); *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). Once the moving party presents evidence sufficient to support a motion under Rule 56, Federal Rules of Civil Procedure, the non-moving party is not entitled to a trial simply on the basis of allegations. The non-moving party is required to come forward with some significant probative evidence which makes it necessary to resolve the factual dispute at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986); *White,* 909 F.2d at 943-44. The moving party is entitled to summary judgment if the non-moving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof. *Celotex,* 477 U.S. at 323; *Collyer v. Darling,* 98 F.3d 220 (6th Cir. 1996).

Plaintiff has moved for partial summary judgment on the issue of liability. In support of his motion, plaintiff states that he has made a *prima facie* case that racial and religious discrimination were substantial factors in the adverse employment treatment he received at TDOS. In support of his position, plaintiff attaches the final orders from two separate legal proceedings. The first is a Tennessee Civil Service case, *Dept. of Safety v. De'Ossie Dingus,* No. 26.19-092807J. The second is a workers' compensation case heard before the Tennessee Claims Commission, *De'Ossie Deon Dingus v. State of Tennessee*, No. 20402107. Because he prevailed in both of these hearings, plaintiff argues that defendants cannot rebut any essential element of his claims nor can they put forth any affirmative defenses based upon the doctrine of judicial estoppel.

The doctrine of judicial estoppel bars a party from asserting a position that is contrary to one the party has asserted under oath in a prior proceeding, whether the prior

court adopted the contrary position "either as a preliminary matter or as part of a final disposition." It should be applied with caution to "avoid impinging on the truth-seeking function of the court, because the doctrine precludes a contradictory position without examining the truth of either statement." *Eubanks v. CBSK Fin. Group, Inc.*, 385 F.3d 894, 897 (6th Cir. 2004).

Plaintiff's current lawsuit involves claims of employment discrimination, harassment, and retaliation based upon his race and religion. The previous state hearings did not involve the same issues or questions of law. The Civil Service case dealt with the issue of plaintiff's termination from employment following his failure to pass a psychological test. The Claims Commission hearing involved whether plaintiff sustained a work-related injury while employed for TDOS and what, if any, benefits he would be entitled to receive. At the Civil Service hearing, the administrative law judge found that plaintiff was fit for duty, choosing to believe the findings of one expert over another. Commissioner Shults found that plaintiff was entitled to workers' compensation benefits. Neither the administrative law judge nor the Commissioner addressed any issues regarding discrimination, harassment, or retaliation. Because material issues of fact exist as to plaintiff's claims, his motion for partial summary judgment [Doc. 31] is hereby **DENIED.**

**ENTER:**

                s/ Thomas W. Phillips
            United States District Judge