IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN
DISTRICT OF TENNESSEE AT KNOXVILLE

| | |
|---|---|
| DE'OSSIE DINGUS,<br><br>    Plaintiff,<br><br>vs.<br><br>STATE OF TENNESSEE, et al.,<br><br>    Defendants. | ORDER<br><br><br><br><br>Case No. 3:07-cv-452<br>            3:10-cv-435 |

      On October 25, 2012, the parties appeared for a hearing on Defendant Kenneth Anchor's Motion to Dismiss and the individual and State Defendants' Motion for Partial Dismissal. Based upon the pleadings and arguments of counsel the Court finds as follows:

      1. All claims against Defendant Kenneth Anchor are dismissed for failure to comply with the Tennessee Medical Malpractice Act, Tenn. Code Ann. § 29-26-115.

      2. Plaintiff's Title VII and Americans with Disabilities Act (ADA) claims against the individual Defendants in their official and individual capacities are dismissed. The individual Defendants are not employers within the meaning of these statutes.

      3. Plaintiff's ADA claims against the State of Tennessee and its departments, including the Tennessee Department of Safety and the Tennessee Department of Homeland Security (the State), are dismissed to the extent these claims seek to recover monetary damages.

4. Plaintiff's claims under the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-401, and the Tennessee Public Protection Act, Tenn. Code Ann. § 50-1-304, are dismissed as to all Defendants. Plaintiff's claims under the common law state torts of defamation, libel, common law retaliation, retaliatory discharge for filing a workers' compensation claim, negligent hiring, outrageous conduct, false light and false imprisonment are dismissed as to the State and the individual Defendants in their official capacities. The Court denies, without prejudice, the dismissal of Defendants in their individual capacities from Plaintiff's common law state tort claims and retains supplemental jurisdiction over these claims at this time. The Defendants in their individual capacities may address Plaintiff's common law state tort claims and the Court's supplemental jurisdiction at a later date.

5. Plaintiff's claims under the Government Tort Liability Act, Tenn. Code Ann. § 29-20-101, are dismissed for failure to state a claim.

6. Plaintiff's claims under 42 U.S.C. § 1983 and § 1985 against the State and individual Defendants in their official capacities are dismissed as they are not persons subject to suit under these statutes. The Court denies, without prejudice, the dismissal of Defendants in their individual capacities based on the doctrine of qualified immunity or the intra-corporate conspiracy doctrine at this time. The Defendants in their individual capacities may address these defenses at a later date.

7. Plaintiff's claims under 42 U.S.C. § 1983 and § 1985 based solely on violations actionable under Title VII and not on separate constitutional violations are dismissed. However, actions under 42 U.S.C. § 1983 and § 1985 that are based on separate constitutional violations will survive.

8. Plaintiff's claims for punitive damages against the State and individual Defendants in their official capacity are dismissed.

9. Plaintiff must file a Proposed Second Amended Complaint within three weeks from the date of this order. Mr. Dingus should file his complaint in Case No. 3:07-cv-452. The court grants Defendants fourteen days from the filing of Mr. Dingus's complaint to make any objections if they believe that the complaint does not comply with the findings of this order. At that time, the parties should also file a motion to schedule a status conference with the Honorable C. Clifford Shirley in order to modify the current scheduling order and reset the deadlines for discovery, dispositive motion, and trial dates.

ORDER

Based on the findings above, Defendant Kenneth Anchor's Motion to Dismiss (Dkt. No. 50 in 3:07-cv-452; Dkt. No. 31 in 3:10-cv-435) is GRANTED. The individual and State Defendants' Motion for Partial Dismissal (Dkt. No. 21 in 3:10-cv-435) is GRANTED IN PART and DENIED IN PART without prejudice. The parties' joint Motion to Continue (Dkt. No. 75 in 3:07-cv-452; Dkt. No. 55 in 3:10-cv-435) is GRANTED and the trial date of December 11, 2012, is VACATED. The individual and State Defendants' Motion to Ascertain the Status of the Case (Dkt. No. 66 in 3:07-cv-452; Dkt. No. 47 in 3:10-cv-435) is TERMINATED AS MOOT.

SO ORDERED this 31st day of October, 2012.

BY THE COURT:

*Tena Campbell*

_____
TENA CAMPBELL
United States District Judge